## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.G., individually, and as parent of minor A.M., and/or on behalf of similarly situated individuals, | : <br> : CIVIL ACTION <br> : |
| and | : No. <br> : |
| A.M., a minor, individually and/or on behalf of other similarly individuals, | : JURY TRIAL DEMANDED <br> : |
| and | : |
| C.T., individually and as parent of minors N.T. and C.T., and/or on behalf of similarly situated individuals, | : |
| and | : |
| N.T., a minor, individually and/or on behalf of other similarly individuals, | : |
| and | : |
| C.T., a minor, individually and/or on behalf of other similarly individuals, | : |
| Plaintiffs, | : |
| v. | : |
| Manheim Township, | : |
| and | : |
| Kristal Narkiewicz | : |
| and | : |
| John/Jane Does # 1-50 | : |
| Defendants. | : |

## COMPLAINT

**Jurisdiction and Venue**

1.      Jurisdiction over this cause of action is properly before this Court pursuant to 28 U.S.C. § 1331 as this civil action concerns a federal question or questions and arises under the Constitution and/or laws of the United States, and the 1964 Civil Rights Act in particular, and/or 42 U.S.C. §§ 1981, 1983.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Plaintiffs' claims(s) for violation(s) of the aforementioned statute(s) occurred in the Eastern District of Pennsylvania, where all Defendant(s) herein reside and/or conduct business.

3.      Venue is also proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(c) in that the Defendant(s) have substantial business contacts within the Eastern District of Pennsylvania.

**Parties**

4.      Plaintiff T.G. is an adult individual and resident within the Eastern District of Pennsylvania, and/or resident of the City and/or County of Lancaster and/or the Commonwealth of Pennsylvania, who can be served with process at the office of his/her undersigned counsel at 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102.  At any and all times relevant, Plaintiff T.G. was and is the parent of minor Plaintiff A.M., and brings this action on his/her own behalf and that of his/her child, and on behalf of all similarly situated individuals.

5.      Minor Plaintiff A.M. is a minor individual and resident within the Eastern District of Pennsylvania, and/or resident of the City and/or County of Lancaster and/or the Commonwealth of Pennsylvania, and at any and all times relevant was and is the child of Plaintiff T.G., and can be served with process at the office of his/her undersigned counsel at 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102, and brings this action on his/her own behalf and on behalf of all similarly situated individuals.

6.      Plaintiff C.T. is an adult individual and resident within the Eastern District of Pennsylvania, and/or resident of the City and/or County of Lancaster and/or the Commonwealth of Pennsylvania, who can be served with process at the office of his/her undersigned counsel at 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102.  At any and all times relevant, Plaintiff C.T. was and is the parent of minor Plaintiffs N.T. and C.T., and brings this action on his/her own behalf and that of his/her children, and on behalf of all similarly situated individuals.

7.      Minor Plaintiff N.T. is a minor individual and resident within the Eastern District of Pennsylvania, and/or resident of the City and/or County of Lancaster and/or the

Commonwealth of Pennsylvania, and at any and all times relevant was and is the child of Plaintiff C.T., and can be served with process at the office of his/her undersigned counsel at 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102, and brings this action on his/her own behalf and on behalf of all similarly situated individuals.

8.     Minor Plaintiff C.T. is a minor individual and resident within the Eastern District of Pennsylvania, and/or resident of the City and/or County of Lancaster and/or the Commonwealth of Pennsylvania, and at any and all times relevant was and is the child of Plaintiff C.T., and can be served with process at the office of his/her undersigned counsel at 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102, and brings this action on his/her own behalf and on behalf of all similarly situated individuals.

9.     Defendant Manheim Township is a local township, located in Lancaster County, PA, regularly conducting business at any and all times relevant at 1840 Municipal Drive, Lancaster, PA 17601, and/or is a "person" under 42 U.S.C. § 1983, and at any and all times relevant, Defendant Manheim Township owned, operated, managed, directed and/or controlled the Skyline swimming pool located at 245 Eden Road, Lancaster, PA 17601, which is a swimming pool that is open to the public, and was directly operated and/or managed by Defendant Kristal Narkiewicz *infra*.

10.    Defendant is an adult individual regularly conducting business at the Skyline swim club located at 245 Eden Road, Lancaster, PA 17601, and at any and all times relevant, was the policymaker, manager, decisionmaker and primary enforcer of any and all purported rules and regulations at the Skyline swimming pool and/or all swimming pools owned and operated by Defendant Manheim Township.  Defendant Kristal Narkiewicz specifically discriminated against the Plaintiffs as further set forth *infra.*

11.    Defendants John/Jane Does #1-50 are adult individuals and/or entities unknown to Plaintiffs at this time, who are or may be responsible for the alleged violations of law herein, and whom the Plaintiffs reserve the right to join as Defendants, or to substitute the actual names thereof, upon discovery of the same in the due course of discovery in the above captioned matter.

## Class Action Allegations

12.    Averments 1 through 11 are hereby incorporated as though fully set forth herein at length.

13.    This legal action is brought on behalf of these five (5) Plaintiffs of African-American, Hispanic, Latino and/or other minority ethnicities who have been denied swimming privileges at the Skyline swimming pool, owned and operated by Defendant Manheim Township, due to nothing more than the complexion of their skin.

14. This legal action seeks class action status and seeks legal and equitable relief, on behalf of the minor children victims of Defendant Manheim Township's savage and uncivilized acts of racial discrimination, including:

   a. A declaratory judgment declaring that the Defendant Manheim Township has illegally discriminated against Plaintiffs because of the color of their skin;

   b. An appropriate remedial order, granting injunctive relief subject to enforcement by the U.S. Marshalls (if necessary), directing Defendant Manheim Township to:

      1. Immediately open its pool to the children; and,

      2. Cease and desist all acts of proscribed racial discrimination as required pursuant to 42 U.S.C. § 1981 et. seq.; and,

      3. To take such other remedial action as is needed to enforce compliance with all relevant standards of non-discrimination on the basis of race, color or nationality as actionable under § 1981.

   c. Payment of compensatory and punitive damages to the Plaintiffs in an amount to be determined at trial, together with an award of such ancillary relief as is available in an action brough pursuant to 42 U.S.C. § 1981.

15. At any and all times relevant herein, Defendants acted by and through their agents, officers, shareholders, employees, servants, directors, managers, lifeguards, executives, members, and/or police officers, who were acting within the course and scope of their employment or agency or duties on behalf of the respective Defendants.

16. This action is properly maintained as a class action pursuant to Rule 23(a) & (b)(2) of the Federal Rules of Civil Procedure.

17. The class is defined as all individuals who have been denied swimming privileges by Defendants because of the color of their skin, together with the parents of those children in their capacities as their legal guardians.

18. The class is sufficiently numerous, given the statistically significant population of African Americans, Latinos/Hispanics, and women residing in Manheim Township, which according to the U.S. Census Bureau make up approximately 3.6 % (1,458 African American people) and 10.2% (4,131 Latino/Hispanic people) of the township's total population of 40,500 residents, for a potential class size in excess of 5,589 class members, which does not include the 52.9% of township residents who are female (21,060 people).[1]

---

[1] *See* https://www.census.gov/quickfacts/manheimtownshiplancastercountypennsylvania.

19. The questions of law and fact raised by the claims of the named Plaintiffs are common to and typical of those raised by the claims of the putative class members. Each named Plaintiff, and each putative class member, is of minority descent and has been denied swimming privileges by the Defendants.

20. Common questions of law and fact for the members of the Plaintiff class include, but are not limited to, whether Defendants discriminated against the Plaintiffs on the basis of their race, nationality or color, in violation of 42 U.S.C. §§ 1981, 1983 where the Defendants specifically denied African American and/or Hispanic and/or Latino female children swimming privileges at the Skyline swimming pool.

21. The legal violations alleged by the named Plaintiffs are typical of those raised by claims of each and every member of the putative class, and the harms suffered by the named Plaintiffs are typical of the harms suffered by all children and parents similarly situated.

22. The named Plaintiffs will fairly and adequately protect the interests of the class, and Plaintiffs' undersigned counsel can adequately represent the interests of the class.

23. Defendants have acted or refused to act on grounds generally applicable to the class, making declaratory and injunctive relief with respect to the class as a wholly appropriate and necessary remedy.

## Facts

24. Plaintiffs hereby incorporate averments 1 through 23 as though fully set forth herein at length.

25. Plaintiffs are parents and/or children of African American, Hispanic and/or Latino ethnicity who solicited (or formerly solicited) the recreational goods and services provided at the Skyline swimming pool, located at 245 Eden Road, Lancaster, PA 17601, which is a swimming pool that is purportedly open to the public.

26. Putative class plaintiffs are parents and/or children of African American, Hispanic and/or Latino ethnicity who would like to solicit the recreational goods and services provided at the Skyline swimming pool, located at 245 Eden Road, Lancaster, PA 17601, which is a swimming pool that is purportedly open to the public.

27. On Friday, July 3, 2020, Plaintiffs contracted with Defendant Manheim Township to attend the Skyline swimming pool and partake of the recreational goods and services available there.

5

28.     Plaintiffs paid a membership fee to Defendant Manheim Township in order to attend the Skyline swimming pool on a daily, weekly, monthly, and/or seasonal basis, at prices which vary according to the frequency with which the Plaintiffs desired to attend the swimming pool, pursuant to Defendant Manheim Township's publicly posted pricing schedule, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.[2]

29.     Plaintiffs were the known and intended beneficiaries of the aforesaid advertisement in Exhibit A, and/or the known and intended beneficiaries of the aforesaid contract and/or membership fee with Defendant Manheim Township.

30.     Pursuant to the aforesaid contract and/or membership fee, Plaintiffs were entitled to enjoy the benefits and privileges of the contract and/or membership fee at all times relevant thereto.

31.     The benefits and privileges included the use of the pool at the Skyline swimming pool, owned and operated by Defendant Manheim Township.

32.     On July 3, 2020, Plaintiffs were lawfully on site at Skyline swimming pool and entitled to use the pool at Skyline pursuant to the aforesaid contract and/or membership fee paid to Defendant Manheim Township.

33.     As Plaintiffs began to use said facilities, as they were entitled to do under the aforementioned contract and/or membership fee, employees and/or agents and/or servants of Defendant Manheim Township, including but not limited to a swimming pool manager named Kristal Narkiewicz, began to make disparaging racial and/or sexist and/or discriminatory remarks about the allegedly "inappropriate" swim suit bottoms worn by the female minor Plaintiffs herein, who are African American and/or Hispanic and/or Latino.

34.     Said employees and/or agents and/or servants of Defendant Manheim Township, including but not limited to a swimming pool manager named Kristal Narkiewicz, did not make these same disparaging racial and/or sexist and/or discriminatory remarks about the virtually identical swim suit bottoms worn by white minor females attending the swimming pool that same day.

35.     Defendant Manheim Township's employees and/or agents and/or servants, including but not limited to a swimming pool manager named Kristal Narkiewicz, then ejected the Plaintiffs from the Skyline swimming pool for the allegedly "inappropriate" swim suit bottoms worn by the female minor Plaintiffs herein, who are African American and/or Hispanic and/or Latino, and revoked the contract enjoyed by these same Plaintiffs to use the Skyline swimming pool for at least the remainder of the 2020 swimming season.

---

[2] *See also* https://www.manheimtownship.org/1258/Pool-Fees-and-Charges

36. In so doing, and when questioned by Kirsten Blose (an unrelated white patron of Skyline swimming pool) if the Plaintiffs would get their memberships refunded, the swimming pool manager Kristal Narkiewicz replied, "Oh no, I'm sure they were just dailies" meaning that the black and brown Plaintiffs wouldn't have purchased, or had enough money to purchase, seasonal memberships to the pool, and that the Plaintiffs could wear their swim suit bottoms "when they go back to Venezuela."

37. Defendant Manheim Township's employee and/or agent, Kristal Narkiewicz, treated the Plaintiffs in this unlawful, discriminatory and wicked fashion, even though approximately two (2) weeks before hand, the minor white child of Dana Gulick (another white, adult customer of Skyline swimming pool) had worn an identical swim suit bottom, and that white child had only been "written up" by Ms. Narkiewicz for the same alleged offense, and was otherwise permitted to continuing using the Skyline swimming pool, pursuant to the voicemail left by Ms. Narkiewicz on Dana Gulick's telephone.

38. Upon information and belief, Ms. Narkiewicz then banned all Plaintiffs from any and all of the other swimming pools owned and operated by Defendant Manheim Township, above and beyond Skyline swimming pool.

39. As if all of the aforementioned were not denigrating enough, Ms. Narkiewicz then summoned and weaponized the Manheim Township Police Department to remove the Plaintiffs from the premises, who then escorted the Plaintiffs out of the Skyline swimming pool under armed guard, as if they had committed a criminal act.

40. According to Justice McNeil, a third party witness to the aforementioned events at Skyline swimming pool, several other white females with similar swim suit bottoms were not escorted out by the Manheim Township Police Department, and were otherwise permitted to remain at Skyline swimming pool by Ms. Narkiewicz.

41. Upon information and belief, in the aftermath of the aforementioned incident on July 3, 2020, many community members began to express their outrage on the Facebook webpage of the Recreation Department of Defendant Manheim Township, and by Saturday, July 4, 2020, the Facebook page had been taken down and/or deleted by Defendant Manheim Township and/or one of its employees and/or agents, constituting the destruction of evidence.

42. The destruction of evidence is compounded by the fact that Defendant Manheim Township, prior to deleting the Facebook page, actually responded to some of the criticism levied by the community members thereon, writing that the situation had nothing to do with race and that "We enforce the same pool rules for all patrons and we only call the police when a situation warrants it," once again explicitly denigrating the Plaintiffs with the suggestion that their behavior justified summoning and weaponizing the Manheim Township Police Department.

7

43.     Upon information and belief, while a sign at the entrance of the Skyline swimming pool states that "proper" bathing suits are required and that "cheeky bikini bottoms" are prohibited, these rules are selectively enforced only against minor female and/or African American, Latino and/or Hispanic customers of the pool, such as Plaintiffs herein, as set forth at length above.

44.     Plaintiffs believe and therefore aver that the contract and/or membership fee was terminated by Defendant Manheim Township because of the color of the minor Plaintiffs' skin, and/or the minor Plaintiffs' race or ethnicity, and/or because of their gender, and/or because of a distaste for the minor Plaintiffs' constitutionally protected 1st Amendment free speech rights, and for no other legitimate, non-discriminatory reason.  As a result of the contract and/or membership fee termination, the Plaintiffs (who were the intended beneficiaries of the contract and/or membership fee) have lost their contractual rights to enjoy the benefits and privileges of using not only the pool at Skyline, but every other public pool in Manheim Township.

**COUNT I**
**PLAINTIFFS v. DEFENDANTS**
**RACIAL DISCRIMINATION**
**IN THE MAKING AND ENFORCEMENT OF CONTRACTS**
**<u>42 U.S.C. § 1981</u>**

45.     Plaintiffs hereby incorporate averments 1 through 44 as though fully set forth herein at length.

46.     Section 1981 of Title 42 of the United States Code provides in pertinent part:

"§ 1981.  Equal rights under the law.

(a)  Statement of equal rights.

All persons within the jurisdiction of the United States shall have the same right in every State and Territory **to make and enforce contracts…as is enjoyed by white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined.

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the **<u>enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.</u>**

8

(c) Protection against impairment.

The **rights protected** by this section **are protected against** impairment by nongovernmental discrimination and **impairment under the color of State law.**"

*See* 42 U.S.C. § 1981.

47. The Defendants evidenced a specific intent to discriminate against the Plaintiffs and the remaining children solely because of their race and/or color and/or gender, and thereby terminated the contract and/or membership fee with Plaintiffs herein, namely their African-American, Hispanic, Latino and/or minority, non-white ethnicities, races, national origins, and/or on the basis of sex with regard to displays of their female anatomy.

48. In terminating the aforesaid contracts and/or membership fees, in a racially and/or sexually discriminatory manner, and for a racially and/or discriminatory purpose, the Defendants have intentionally deprived the Plaintiffs of the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship to which they were entitled, to use the Skyline pool and facilities, all in violation of 42 U.S.C. § 1981.

49. The aforesaid conduct of the Defendants was intentional and undertaken in reckless disregard for the federally protected civil rights of the Plaintiffs.

50. As a result of this violation of § 1981, the Plaintiffs and the putative class have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a. Assert jurisdiction over the instant action; and,

b. Certify the instant action as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure; and,

c. Enter a declaratory judgment declaring that the Defendants have illegally discriminated against Plaintiffs because of the color of their skin; and,

d. Enter an appropriate remedial order, granting injunctive relief, subject to enforcement by the U.S. Marshalls (if necessary) directing, requiring and ordering Defendant Manheim Township to:

       1. Immediately open their pool to the Plaintiffs;
       2. Cease and desist all acts of proscribed racial discrimination as required pursuant to 42 U.S.C. § 1981 et. seq.;
       3. Take such other remedial action as is needed to enforce compliance with all relevant standards of non-discrimination on the basis of race, color or nationality as actionable under § 1981; and,

   e. Award compensatory and/or punitive damages to the minor Plaintiffs in an amount to be determined at trial, in excess of $150,000 per child, together with an award of such ancillary relief as is available in an action brough pursuant to 42 U.S.C. § 1981 by virtue of 42 U.S.C. § 1988, and/or attorney's fees and costs; and,

   f. Order such additional relief as is deemed appropriate or in the interests of justice.

## COUNT II
## PLAINTIFFS v. DEFENDANTS
## MONELL CLAIM – 42 U.S.C. § 1983
## MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES AND CUSTOMS

51. Plaintiff incorporates averments 1 through 50 as though fully set forth herein at length.

51. Defendant Manheim Township, through its agents and employees and/or police officers, knew of and acquiesced to policies, procedures, training and/or customs that said Defendant knew or should have known would lead to a violation of Plaintiffs' constitutional right to make contracts, and/or the free expression of their choice of swim suit clothing.

52. Defendant Manheim Township, through its agents and employees and/or police officers, acted with deliberate indifference to the consequences upon *inter alia* the Plaintiffs' right to make contracts and/or the free expression of their swim suit choice of clothing, when selectively establishing and enforcing inadequate and/or malignant policies, procedures, training and/or customs, as aforementioned in averments 1 through 43.

53. Defendant Manheim Township, through its agents and employees and/or police officers, established inadequate policies, procedures, training and/or customs relating to the accommodation of the Plaintiffs' right to make contracts and/or the free exercise of their 1st Amendment rights in their choice of swim suit clothing.

54.     As a result of Defendant Manheim Township's inadequate policies, procedures, training and/or customs, said Defendant inflicted a savage and unlawful, excessive and unconstitutional amount of racial and/or gendered harassment, retaliation and/or discrimination upon the Plaintiffs in the context of a publicly available swimming pool, in the year 2020, in the United States of America.

        WHEREFORE, Plaintiffs, pursuant to 42 U.S.C. §§ 1983, 1988 demand judgment against Defendant Manheim Township, for such sums as would reasonably and properly compensate them, individually, for injuries in an amount in excess of one hundred and fifty thousand dollars ($150,000) together with delay damages, interest, costs and attorney's fees.

## COUNT III
## PLAINTIFFS v. DEFENDANTS
## MONELL CLAIM – 42 U.S.C. § 1983
## MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING & SUPERVISION

55.     Plaintiff incorporates averments 1 through 54 as though fully set forth herein at length.

56.     Defendant Manheim Township, through its agents and employees and/or police officers, failed to properly train its swimming pool managers, agents, servants, employees and/or independent contractors, and/or police officers, regarding the Plaintiff's right to make contracts and/or free exercise of their 1st Amendment rights of expression in their choice of swimwear.

57.     Defendant Manheim Township, through its agents and employees and/or police officers, failed to properly train them as to the proper accommodation and/or respect for the Plaintiff's right to make contracts and/or free exercise of their 1st Amendment rights of expression in their choice of swimwear.

58.     In deliberate indifference to the Plaintiffs' constitutional rights to the make contracts and/or the free exercise of their 1st Amendment rights of expression in their choice of swimwear, Defendant Manheim Township has been deliberately indifferent to the propensities of its agents and/or employees and/or police officers to interfere with the Plaintiffs' right to make contracts and/or exercise their free speech rights, as aforementioned in averments 1 through 43.

59.     As a result of Defendant Manheim Township's inadequate training and supervision, the Defendants' agents and/or employees and/or pool managers and/or supervisors and/or police officers used an excessive and unconstitutional amount of

interference with the Plaintiffs' right to make contracts and/or exercise their 1st Amendment rights.

60. By virtue of Defendant Manheim Township's deliberate indifference to the need for adequate training, supervision and control of its officers and/or employees, Plaintiffs' right to the free exercise of speech and/or to make contracts was maliciously, recklessly and/or intentionally interfered with as aforementioned in averments 1 through 43.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand judgment against Defendant Manheim Township, for such sums as would reasonably and properly compensate them for injuries in an amount in excess of one hundred and fifty thousand dollars ($150,000) together with delay damages, interest, costs and attorney's fees.

## COUNT IV
## PLAINTIFFS v. DEFENDANTS
## VIOLATION OF THE FIRST AMENDMENT
## INTERFERENCE WITH PLAINTIFFS' RIGHT TO FREE EXPRESSION
## 42 U.S.C. § 1983 et. seq.

61. Plaintiff incorporates averments 1 through 60 as though fully set forth herein at length.

62. As aforementioned in averments 1 through 44, the actions of Defendants' agents, employees, managers and/or police officers constitute a governmental interference with the Plaintiffs' right to free speech and/or expression, and violated the Plaintiffs' civil rights as guaranteed by the First Amendment, for which redress is available under 42 U.S.C. §1983.

63. Under the circumstances detailed above in averments 1 through 44, Defendant Manheim Township's agents, employees, managers and/or police officers, who are government officials, intentionally used the Plaintiffs' clothing to *inter alia* control the conditions of their contractual ability to utilize the Skyline pool.

64. Defendant Manheim Township and/or its agents, employees, managers and/or police officers, who are government officials, individually and/or collectively, knew or should have known of the violation of Plaintiffs' clearly established rights, and instead selectively targeted and intentionally and maliciously violated Plaintiffs' right to free speech.

65. Each of the Defendant's agents, employees, managers and/or police officers, who are government officials, as aforementioned in averments 1 through 44, individually and/or collectively, acted under the color of state law.

12

66.     As a direct and proximate result of the willful actions and/or inactions as aforementioned in averments 1 through 44, Plaintiffs sustained injuries to and damages to their right to free speech.

67.     As a direct and proximate result of the willful actions and/or inactions as aforementioned in averments 1 through 44, Plaintiffs were greatly inconvenienced, humiliated, and/or traumatized.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demands judgment against the Defendants, for such sums as would reasonable and properly compensate them for injuries in an amount in excess of one hundred and fifty thousand dollars ($150,000), together with delay damages, interest, costs and attorneys' fees and punitive damages.  Plaintiff further demands declaratory relief against Defendant Manheim Township's police officers and/or employees in their official capacities.

## COUNT V
## PLAINTIFFS v. DEFENDANT KRISTAL NARKIEWICZ AND DEFENDANT MANHEIM TOWNSHIP
## SUPPLEMENTAL STATE LAW CLAIM
## **DEFAMATION**

68.     Plaintiffs hereby incorporate averments 1 through 67 as though fully set forth herein at length.

69.     Defendant Kristal Narkiewicz publicly libeled and/or slandered the Plaintiffs herein when she summoned and weaponized the Manheim Township Police Department as aforementioned, because in conjunction with her contemporaneous suspension and expulsion of the Plaintiffs from the Skyline swimming pool, she published a false statement and/or false police report that was immediately associated with, and/or deemed to be about, the Plaintiffs themselves, and such actions tended to so harm the Plaintiffs' reputation as to lower it in the estimation of the swimming pool staff, customers, and/or the community at large.  *See* Purcell v. Westinghouse Broadcasting Co., 191 A.2d 662 (Pa. 1963) (holding that it is not necessary for a plaintiff to be specifically named in order for a communication to be defamatory, and that a plaintiff may be defamed if a description or reference tends to identify him or her, or where a recipient of the communication is familiar with the circumstances mentioned in the communication); *see also* Cosgrove Studio & Camera Shop, Inc. v. Pane*,* 182 A.2d 751 (Pa. 1962).

70.     Defendant Manheim Township publicly libeled and/or slandered the Plaintiffs herein when, in conjunction with the contemporaneous suspension and expulsion of the Plaintiffs from the Skyline swimming pool, Defendant Manheim Township published a post on its Facebook page that the situation had nothing to do with race and that "We enforce the same pool rules for all patrons and we only call the police when a situation warrants it," once again explicitly denigrating the Plaintiffs with the suggestion that their

behavior justified summoning and weaponizing the Manheim Township Police Department.

71.     The false statement on the Defendant Manheim Township's Facebook page, and/or the false police report and/or false statements given to the police by Defendant Kristal Narkiewicz, was and/or were immediately associated with, and/or deemed to be about, the Plaintiffs themselves, and such actions tended to so harm the Plaintiffs' reputation as to lower it in the estimation of the swimming pool staff, customers, and/or the community at large.  *See* Purcell v. Westinghouse Broadcasting Co., 191 A.2d 662 (Pa. 1963) (holding that it is not necessary for a plaintiff to be specifically named in order for a communication to be defamatory, and that a plaintiff may be defamed if a description or reference tends to identify him or her, or where a recipient of the communication is familiar with the circumstances mentioned in the communication); *see also* Cosgrove Studio & Camera Shop, Inc. v. Pane, 182 A.2d 751 (Pa. 1962).

72.     Defendants' publications of their oral and/or written communications were defamatory toward the Plaintiffs, because in conjunction with their suspension and expulsion from the pool, it tended to deter third persons – such as other customers and/or staff members of the swimming pool – from associating or dealing with the Plaintiffs, and publicly cast them as criminal miscreants whose behavior warranted both the immediate attention of the police department, and an armed escort off the premises of the swimming pool.  *See* Doe v. Kohn, Nast & Graf, P.C., 862 F. Supp. 1310 (E.D. Pa. 1994) (the plaintiff therein, an attorney with AIDS, sued his former employer for *inter alia* defamation, because the method in which they fired him implied that the plaintiff was a thief).[3]

73.     Defendant Manheim Township's publication of its aforementioned Facebook page (which has subsequently been destroyed by said Defendant) is a written communication that constitutes libel, because in conjunction with the suspension and expulsion of the Plaintiffs, the Defendants' post explicitly denigrated the Plaintiffs as exponents of criminal behavior warranting the immediate attention of the Manheim Township Police Department.

74.     Defendant Kristal Narkiewicz's publication of her oral and/or written communications to the Manheim Township Police Department constitutes slander and/or libel, because she explicitly identified the Plaintiffs to said police, and other swimming pool staff and/or customers, as individuals whose criminal conduct warranted the

---

[3] *But see* Cashdollar v. The Mercy Hospital of Pittsburgh, 595 A.2d 70 (Pa. Super. 1991) where the aggrieved employee alleged his employer defamed him by writing a termination letter, which was otherwise unaccompanied by any other acts or gestures, in addition to the termination letter, that could have supported a defamatory meaning – unlike here, where the Defendants announced to the public that they suspended everyone accused of sexual harassment, and then showed the Plaintiff the door, the very next day, even though he had done no such thing.

14

attention of the Manheim Township Police Department, and an armed escort off of the premises of the Skyline swimming pool.

75. Plaintiffs' fellow customers at the community swimming pool at Skyline were most certainly familiar with the communications and/or circumstantial aspersions cast upon the Plaintiffs by the Defendants, escorted as they were under armed guard by the Manheim Township Police Department.

76. As a consequence of Defendants' publication of their oral and/or written statements as aforementioned, the Plaintiffs have suffered general damages such as reputational harm, emotional distress, anguish, and racial and/or sexual denigrations and insults.

77. As a consequence of Defendants' publication of their oral and/or written statements as aforementioned, the Plaintiffs have suffered special damages, namely out of pocket monetary losses including but not limited to lost membership fees.

78. The Defendants' negligent defamation of the Plaintiffs – the publication of their oral and/or written statements as aforementioned – constitutes defamation per se.

79. The Defendants' negligent defamation of the Plaintiffs – the publication of their oral and/or written statements as aforementioned – wrought a denigration of the Plaintiffs' good names and reputations.

80. The Defendants had a duty to avoid implicating the Plaintiffs in allegations of criminal conduct, particularly where, as here, there was no evidence of the same, nor any investigation conducted regarding the veracity of any such allegations, and they instead summoned the weaponized presence of the Manheim Township Police Department, who escorted the Plaintiffs under armed guard from the swimming pool premises.

81. The Defendants violated that duty by publishing their oral and/or written statements, as aforementioned.

82. The suspension and expulsion of the Plaintiffs from the Skyline swimming pools carried an explicit, defamatory meaning, namely that the Plaintiffs had committed a crime warranting the armed escort of the Manheim Township Police Department.

83. The Defendants did not merely suspend and/or expel the Plaintiffs; they so in specific, weaponized coordination with the police department, and with the Facebook post, labelling the Plaintiffs as criminal miscreants deserving of the attention of Manheim P.D., thereby satisfying the requisite "termination plus" liability standard of Cashdollar v. The Mercy Hospital of Pittsburgh, 595 A.2d 70 (Pa. Super. 1991).

15

84. The Defendants' actions and/or inactions, as aforementioned, were so reckless, outrageous, and/or shocking to any basic concept of contemporary conscience or civility, as to warrant the imposition of punitive damages, particularly where, as here, the Plaintiffs committed no crime, save for the color of their skin or the swimwear on their bodies.

WHEREFORE, Plaintiffs respectfully requests judgment in their favor, individually and severally, against the Defendants, plus compensatory and/or punitive damages, in an amount in excess of $150,000 (One Hundred Fifty Thousand Dollars), plus interest, costs, and any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Trial by a jury of twelve (12) persons is demanded as to all issues.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:  July 9, 2020

J. CONOR CORCORAN
Atty. I.D. No. 89111
1500 John F. Kennedy Boulevard
Suite 620
Philadelphia, PA 19102
Phone: (215) 735-1135
Fax: (215) 735-1175
Email:  conor@jccesq.com

MILDENBERG LAW FIRM, P.C.

/Brian Mildenberg, Esq./
Atty. I.D. No. 84861
1735 Market Street
Suite 3750
Philadelphia, PA 19102
Phone:  (215) 545-4870
Email:  brian@mildenberglaw.com

Attorneys for Plaintiffs