**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| T.G., et. al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| V. | : | NO. 5:20-cv-3378 |
| | : | |
| Manheim Township, et.al. | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

  AND NOW, this _____ day of _____, 2021, it is hereby ORDERED and DECREED that the Petition for Minor's Compromise is hereby GRANTED, and that the Court finds the settlement is fair, reasonable, and serves the best interest of the minor Plaintiffs herein.

                 BY THE COURT:

                 _____
                              J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.G., et. al., | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| V. | : | NO. 5:20-cv-3378 |
| Manheim Township, et.al. | : | |
|     Defendants. | : | |

## **PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs, by and through their undersigned counsel, the Law Office of J. Conor Corcoran, P.C., hereby move the Court for approval of the General Release and Settlement Agreement of the parties, which has been approved by all Plaintiffs and Defendants.

Plaintiffs hereby incorporate the accompanying Memorandum of Law as though fully set forth herein at length.

                                                Respectfully Submitted,

                                                LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:  May 24, 2021        By:   _____
                                                J. Conor Corcoran, Esquire
                                                Attorney I.D. No. 89111
                                                1650 Market Street, Suite 3600
                                                Philadelphia, PA 19103
                                                P: (215) 735-1135
                                                F: (215) 735-1175
                                                E: conor@jccesq.com, amy@jccesq.com
                                                Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.G., et. al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| V. | : | NO. 5:20-cv-3378 |
| Manheim Township, et.al. | : | |
| Defendants. | : | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs, by and through their undersigned counsel, the Law Office of J. Conor Corcoran, P.C., hereby move the Court for approval of the General Release and Settlement Agreement of the parties, which has been approved by all Plaintiffs and Defendants.

**I.    PROCEDURAL AND FACTUAL HISTORY**

This action arising under 42 U.S.C. §§ 1981, 1983 was filed on July 10, 2020, as a consequence of a July 3, 2020 incident at the Skyline Swimming Pool in Manheim Township, Pennsylvania, as further set forth in the instant Amended Complaint in the above captioned matter. At the time of filing, Plaintiffs consisted of T.G. (and her minor child, A.M.), and C.T. (and his two minor children, C.T. and N.T.).[1]

Subsequent to the filing of the Complaint, the parties' engaged in extensive negotiations concerning *inter alia* a potential Rule 68 offer of judgment. The parties' settlement negotiations were thereafter successful, resulting in the General Release attached hereto and incorporated herein as Exhibit A, which was executed by the Plaintiffs on or about May 20, 2021.

---

[1] During the course of the litigation, T.G.'s minor child A.M. reached the age of majority. C.T.'s two children remain minors as of the date of this filing, therefore necessitating the instant Petition for Minor's Compromise.

## II.  THE TERMS OF THE SETTLEMENT

Under the terms of the General Release, which contains the usual waivers, Defendant Manheim Township is obligated to make a lump sum payment of $43,000 (Forty-Three Thousand Dollars) made payable to the IOLTA account of the Plaintiffs' undersigned counsel.  *See* Exhibit A.

During the course of the above captioned matter, Plaintiff T.G.'s minor daughter (minor Plaintiff A.M.) reached the age of majority, and accordingly both Plaintiffs T.G. and formerly minor Plaintiff A.M. executed Exhibit A in their own individual, adult capacities.

During the course of the above captioned matter and as of the date of this filing, Plaintiff C.T.'s two minor children (minor Plaintiffs C.T. and N.T.) continued to be minors, and accordingly Plaintiff C.T. signed Exhibit A in his own adult capacity and on behalf of his minor children.  *See* Exhibit A.

All Plaintiffs then signed a Distribution Sheet, a true and correct copy of which is attached hereto and incorporated herein as Exhibit B.  The Distribution Sheet calls for a contingent attorney's fee of 40%, totaling $17,200 (Seventeen Thousand Two Hundred Dollars) to be paid to the Law Office of J. Conor Corcoran, P.C. and Mildenberg Law, P.C., as further set forth therein, and filing fee/cost reimbursements of $402 (Four Hundred Two Dollars), from the Gross Settlement Amount thereby generated for the Plaintiffs in the amount of $25,800 (Twenty-five Thousand Eight Hundred Dollars).

As set forth in Exhibit B, the adult Plaintiffs in this litigation also agreed on a division of the Gross Settlement Amount amongst the three (3) children who suffered the alleged injuries at the Skyline Swimming Pool as set forth in the Amended Complaint, as further set forth at length therein.

**III.     REASONS FOR APPROVAL OF THE SETTLEMENT**

The events set forth in the pending Amended Complaint arose out of an alleged instance of racial discrimination against the Plaintiffs and, more specifically, their minor children, at a publicly owned and operated swimming pool in Manheim Township, Pennsylvania, arising from the alleged conduct of the Defendants and rules regarding swimwear for female minors.

Continued litigation for the Plaintiffs posed a risk under the fulcrum of Rule 68 of the F.R.C.P. and, given the uncertainty of any award from a jury in any civil action pursuant to 42 U.S.C. §§ 1981 and 1983, an expeditious resolution of all issues herein was best for all parties. Moreover, it should be noted that under the terms of Exhibit B, no disbursements will be made directly to the parents herein, as the children were the parties most directly (and allegedly) harmed by the alleged incidents set forth in the Amended Complaint.  Therefore, no need exists for the parents to account for how they have handled the settlement funds, as undersigned counsel for the Plaintiff shall write the checks to accounts held in trust for the minor Plaintiffs, and A.M. has now reached the age of majority.

**IV.     ARGUMENT**

**A.  The terms of the General Release are in the Minor Plaintiffs' best interests.**

Under Rule 2039 of the Pennsylvania Rules of Civil Procedure, "(n)o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa.R.C.P. 2039(a). "Thus, the (Pennsylvania) courts were given the mandate to supervise all aspects of settlements in which a minor is a party in interest…and in considering whether to approve a settlement, the Court is charged with protecting the best interests of the minor." Power v. Tomarchio, 701 A.2d 1371,

1374 (Pa. Super. Ct. 1997); *see also* Collier v. Dailey, No. CIV. A. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998).

As the court held in Johnson v. Clearfield Area Sch. Dist., 319 F. Supp. 2d 583, 587 (W.D. Pa. 2004):

> "A petition for approval (of a minor's settlement agreement) must provide to the court sufficient information upon which the court may base its determination. *See* Sligh v. Friskies Petcare Co., 2001 U.S. Dist. LEXIS 20099, 2001 WL 1549544 (E.D. Pa. 2001); *see also* Calvert v. General Accident Ins. Co., Civ. A. 99-3599, 2000 U.S. Dist. LEXIS 816 (E.D. Pa. Feb. 2, 2000) [*14]. In order to 'assure that the minors' best interests are protected, the petition should include all relevant facts and the reasons why the minors' guardian believes the settlement is desirable and why it is in the minors' best interest to settle the action.' Calvert, 2000 U.S. Dist. LEXIS 816, 2000 WL at *5 (*citing* Collier, *supra*). Such relevant facts include a description of the minor's physical and/or psychological condition, a statement and/or discussion regarding the minor's current physical and/or mental health needs, evidence of the extent of the minor's condition, and the need for future medical and/or psychological care, as well as future expenses.'" *See* Calvert, *supra*, 2000 U.S. Dist. LEXIS 816, [WL] at *5; Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 670 (E.D. Pa. 2000); Roghanchi v. Rorick, 1991 U.S. Dist. LEXIS 18698, 1991 WL 275626 at *3 (E.D.Pa. Dec. 23, 1991).

Id. at 587. *See also* Kane v. Cnty of Chester, Civ. A. No. 12-6649, 2016 U.S. Dist. LEXIS 92000 (E.D. Pa. July 15, 2016) (*accord*).

Courts should give considerable weight to the judgment of the parties and counsel, as they are typically in the best position to evaluate the settlement. Henderson ex. Rel. Bethea v. Nationwide Mutual Ins. Co., No. 00-1215, 2001 U.S. Dist. LEXIS 397, 2001 WL 43648 at *2 (E.D. Pa. Jan. 4, 2001). Here, the parents and adult Plaintiffs reasonably believed that the settlement is in the minor Plaintiffs' best interests, given the uncertainty inherent in a jury's decision on both liability and/or damages, particularly in the face of a potential Rule 68 offer of judgment. The settlement therefore averts any risk that the Plaintiffs will receive any proportion of cost or attorney fee re-allocation under Rule 68. Although the Plaintiffs might potentially have

recovered more if this case had proceeded to a jury, such is the evaluation of risk imposed by Rule 68, which was duly and thoroughly debated by the adult Plaintiffs herein on behalf of themselves and the minor Plaintiffs.

### B. The amount of attorney's fees provide by the settlement is fair and well within the presumptive statutory lodestar.

As shown in the Distribution Sheet attached hereto as Exhibit B, Plaintiffs' attorneys reasonably expended far more in time than the settlement agreement provides in attorney fees, particularly when considered at the presumptive statutory lodestar of approximately $600 an hour for Plaintiffs' counsel.  *See* http://clsphila.org/about-cls/attorney-fees.

The Plaintiffs and their counsel recognized the significant possibility that the Plaintiffs could receive little to no fiscal recovery in this case, particularly under the potential issuance of a Rule 68 Offer of Judgment.

Plaintiffs' counsels' hourly demand, by contrast, would have almost exceeded twice the attorneys' fee set forth in Exhibit B.  When considering the time expended upon the swift attention to all-consuming factual interviews of the Plaintiffs and supporting witnesses in the immediate aftermath of the swimming pool incident at issue in the above captioned matter, plus the research expended on § 1983 race discrimination litigation in the context of swimming pools, the drafting of two pleadings, ongoing research on the contemporaneously filed litigation of Narkiewicz v. Manheim Township, Civ. A. 20-05682, (E.D. Pa. Nov. 13, 2020), extensive negotiations with opposing counsel for Defendant Manheim Township concerning not only the merits of a Rule 12(b)(6) motion, but also a Rule 68 offer of judgment, and a mutually agreeable figure to settle the above captioned matter, and communications with the Plaintiffs concerning all of the aforementioned, Plaintiffs' counsel spent in excess of fifty (50) hours, which at a rate of $600/hour would amount to a figure in excess of $30,000.  Thus, the fees received by Plaintiffs' counsel were

approximately 56% less than what they would receive, at an hourly rate, for the time expended on the above captioned matter.

Courts in this jurisdiction have relied on the aforecited CLS fee schedule. *See* I.W. v. Sch. Dist. Of Phila., 2016 U.S. Dist. LEXIS 4441, *26-27 (E.D. Pa. Jan. 13, 2016). Therefore, as is shown by the declaration and C.V. of J. Conor Corcoran attached hereto and incorporated herein Exhibits C and D, at fifty (50) hours expended on this case, undersigned counsel is actually being paid a rate of $344/hour on the above captioned matter.

As this Court held in Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 670 (E.D. Pa. 2000):

"Under Pennsylvania law, the reasonableness of counsel fees to be paid under a settlement involving a minor is determined by applying a two-step process articulated by the Pennsylvania Superior Court in *Gilmore v. Dondero*, 582 A. 2d at 1109-10. Pursuant to Gilmore's teachings, the court must first consider whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims. Second, if so, the court may adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances. *Id* (*citing* In re Trust Estate of LaRocca, 246 A. 2d 337, 339 (Pa. 1968).

In Lancaster County, PA, where the Plaintiffs reside, it appears that there is no presumptive percentage lodestar for attorney's fees. *See* L.R. 2039, Lancaster County C.C.P. Accordingly, undersigned counsel's practical rate of $344/hour, as aforementioned, is significantly less than the approximate $600/hour he would have otherwise received, and therefore the 40% contingency fee set forth in Exhibit B is significantly less than the lodestar amount for attorneys of similar vintage and experience in the Eastern District of Pennsylvania.

## V.     CONCLUSION

For the foregoing reasons, the Court should find that the General Release (in Exhibit A) and the Distribution Sheet (in Exhibit B) are in the Plaintiffs' best interests, and should be approved.

                                      Respectfully Submitted,

                                      LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:  May 24, 2021

                                      J. CONOR CORCORAN
                                      Atty. I.D. No. 89111
                                      1650 Market Street
                                      Suite 3600
                                      Philadelphia, PA 19103
                                      Phone: (215) 735-1135
                                      Fax: (215) 735-1175
                                      Email:  conor@jccesq.com

                                      MILDENBERG LAW FIRM, P.C.

                                      /Brian Mildenberg, Esq./
                                      Atty. I.D. No. 84861
                                      1735 Market Street
                                      Suite 3750
                                      Philadelphia, PA 19102
                                      Phone:  (215) 545-4870
                                      Email:  brian@mildenberglaw.com